Hudson Trust Company et al., respondents,

.v.

Paul Weisenfeld et ux., appellants.

[Submitted October term, 1930. Decided April 10th, 1931.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who delivered the following opinion:

"The bond and mortgage under foreclosure constitute a contract between the maker and the payee, by which the maker agreed to pay $30,000 to the obligee and mortgagee in 1931, and further agreed that the time for such payment should be accelerated in case of default for ninety days in payment of taxes, assessments or municipal charges. The mortgaged property was bought by the maker of the bond in 1926. At that time there was delivered to him the receipted tax bills for 1925 and 1926, and subsequently the maker of the bond, as owner of the property, paid the 1927 taxes. All these bills were in his possession in 1928, when the 1928 taxes fell due. They consist of five separate bills for each year, upon which certain lot numbers are given. Including the property in question, there were altogether some eight parcels of land assessed separately. Now, in 1928 we shall assume that the representative of the maker of the bond, the owner of the property, did exactly what he says he did, that

he went to the tax collector's office and asked for a tax bill for all the property owned by the obligor, Paul Weisenfeld. A bill was given to him, one single bill, upon which there were designated lots 1, 2, 3, 21-25, which might seem to indicate but five parcels of land, but assuming that '21-25' means '21 to 25,' there appears that there were eight parcels altogether covered by this one bill. The very fact that there was a difference in the number of lots, as compared with the 1927, 1926 and 1925 bills, and that there was one single bill given instead of five, even if the total assessed valuation was practically the same as previous years, does not justify the obligor, the defendant owner of the property, in assuming, as against the complainant, that this one bill covered all the property that had been covered in the other bill, and especially as the 1927 lot numbers differ from the 1925 lot numbers. In other words, there was in the possession of the owner of the property evidence that from time to time changes were made by the taxing authorities in the lot numbers of his property and that should have put him on guard. In any event, he was in a position where he was bound to make inquiry to ascertain for himself whether he was getting tax bills for and paying tax bills on all the property covered by the mortgage here in question. There was a mistake, and we will assume from the testimony on behalf of the defendant that the mistake was an honest one on his part in failing to pay these taxes according to the terms of his contract, but nevertheless it was a mistake for which the complainant was in no way responsible—it was due to the neglect of the defendant, or his agent, or the failure of the tax collecting authorities to give him all the bills which he sought—but that is not a fault to be attributed to the complainant, and it cannot lessen the right of the complainant to have the contract made by the defendant with him performed. I will therefore advise a decree for the complainant."

*Mr. Samuel Nemser,* for the appellants.

*Messrs. Lenly & Moser,* for the respondents.

Per Curiam.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered in the court of chancery by Vice-Chancellor Fielder.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Dear, Wells, JJ. 13.

*For reversal*—None.